# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| ROYAL WILBANKS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:15-cv-01634-JEO |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

## **MEMORANDUM OPINION**

Plaintiff Royal Wilbanks brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and Supplemental Security Income ("SSI"). (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. (Doc. 15). *See* 28 U.S.C. § 636(c), FED. R. CIV. P. 73(a). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to affirmed.

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

## I.  PROCEDURAL HISTORY

On August 1, 2012, Wilbanks protectively filed an application for a period of disability and disability insurance benefits.  (R. 9, 162-63).[2]  He also protectively filed an application for SSI.  (R. 9, 164-73).  He alleged that he was disabled and unable to work due to an alleged disability beginning July 14, 2012.  (R. 9, 162).  Following the initial denial of his applications (R. 9), Wilbanks requested a hearing before an Administrative Law Judge ("ALJ").  (*Id.*)  The hearing was held on January 14, 2014.  Wilbanks, his counsel, and a vocational expert attended the hearing.  (R. 9, 27).  The ALJ issued a decision on February 22, 2013, finding that Wilbanks had not been disabled since July 14, 2012, his alleged disability onset date.  (R. 9-18).

Wilbanks requested the Appeals Council review the ALJ's decision.  (R. 5).  The Appeals Council denied his request for review on July 20, 2015. (R. 1-3).  On that date, the ALJ's decision became the final decision of the Commissioner.  Wilbanks then filed this action for judicial review under 42 U.S.C. § 405(g).  (Doc. 1).

## II.  STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly

---

[2]References herein to "R.__" are to the page numbers of the administrative record.

circumscribed. The function of the court is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

The court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and SSI under the Social Security Act, a

claimant must show the inability to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); 42 U.S.C. § 1382c(a)(3)(D).

Determination of disability under the Social Security Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the Commissioner must determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014)[3] (citing 20 C.F.R. § 404.1520(a)(4)). "An affirmative answer to any of the above questions

---

[3] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986 ).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the [Commissioner] to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).  The Commissioner  must further show that such work exists in the national economy in significant numbers.  *Id.*; *Evans*, 551 F. App'x at 524.

## IV.  FACTS

Wilbanks alleges disability based on chronic obstructive pulmonary disease (COPD), coronary artery disease (CAD), back pain and stiffness, leg weakness, and vision problems.  (R. 12-14).  He is also obese.  (R. 12).  He has a limited education and past relevant work as a security guard, courier, janitor/cleaner, and fast food clerk.  (R. 16, 41).

The ALJ found that Wilbanks had severe impairments of COPD and CAD status post myocardial infarction.  (R. 12).  However, the ALJ determined that his impairments, alone and in combination, did not meet or medically equal the severity of one of the listed impairments in the Listings.[4]  (R. 12-13).  The ALJ

---

[4]The Listings are located at 20 C.F.R. pt. 404, subpt. P, app. 1.

then found that Wilbanks had the residual functional capacity (RFC) to perform light work, subject to the following limitations: "he can have only occasional exposure to temperature extremes, wetness, humidity, and pulmonary irritants." (R. 13).

Based on the testimony of the vocational expert, the ALJ determined that Wilbanks could perform other jobs in the national economy. (R. 17-18; 42-43). The ALJ thus concluded that Wilbanks was not disabled as that term is defined in the Social Security Act. (R. 18).

## V.  DISCUSSION

Wilbanks bears the burden of proving that he is disabled and, consequently, he is responsible for producing evidence in support of his claim. *See* 42 U.S.C. §§ 423(d)(5), 1382c(a)(3)(H)(i) (incorporating § 423(d)(5) for SSI claims); 20 C.F.R. §§ 404.1512(a),(c), 416.912(a), (c); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("An individual claiming Social Security disability benefits must prove that she is disabled."); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim"). Wilbanks must prove the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505, 416.905.

Wilbanks did not file a brief in this case despite being on notice that one is required. Because Wilbanks has not identified any errors in the ALJ's decision, the Commissioner asks that the Court affirm his decision. (Doc. 13 at 4). Additionally, the Commissioner asks that this court affirm the decision of the ALJ because it is supported by substantial evidence. (*Id.*)

Here, the ALJ determined that the medical evidence does not support Wilbanks's allegations regarding the severity of his physical limitations caused by his aliments. (R. 14-15). First, with regard to his COPD, the ALJ determined that Wilbanks had poor pulmonary function readings in October 2012, but these results were deemed invalid because he did not put forth sufficient effort. (R. 14, 58-59, 283-85, 447-50). Wilbanks was informed that he would be given one more test, but "full effort" would be required. (R. 59). Testing in December 2012 revealed significantly higher lung volumes. (R. 14-15, 455-56). The examiner also noted that Wilbanks "showed cooperation and effort during the testing." (R.13, 455). Moreover, the medical evidence includes only infrequent complaints of shortness of breath, and Wilbanks denied shortness of breath in November 2013. (R. 15,

459).  The ALJ also found that the treatment records indicate that medication controlled his COPD symptoms.  (R. 15, 469-601).

The ALJ also evaluated and properly determined that the evidence does not support Wilbanks's allegations regarding the severity of his physical limitations caused by CAD.  (R. 15).  In November 2009, prior to his alleged onset date, Wilbanks underwent a left heart catheterization and CT angiography of the heart, which revealed evidence of mild to moderate coronary artery disease.  (R. 15, 313-14, 324, 347-48).  Medical records indicate Wilbanks experienced mild myocardial infarctions in 2009 and 2010.  (R. 15, 442).  Emergency room records and treatment notes document intermittent reports of chest pain since his alleged onset date of disability.  (R. 15, 459-601).  However, his laboratory testing and x-rays of his chest show essentially normal cardiovascular results.  (*Id*.)  During a September 2012 consultative examination, Wilbanks had essentially unremarkable cardiovascular signs.  (R. 15, 443).  An electrocardiogram (EKG) performed on November 14, 2013, showed a normal sinus rhythm.  (R. 15, 460).  On November 15, 2013, he underwent a left heart catheterization and CT angiography of the heart, which revealed no flow-limiting lesions.  (R. 504).  Despite his respiratory and cardiovascular problems, Wilbanks also participated in hunting and fishing; he prepared his own meals, mowed the lawn, and performed household chores;

and he continued to smoke.  (R. 15, 266-72).

The non-examining state agency consultants' opinions also support the ALJ's decision in this instance.  (R. 15-16).  *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e)(2), 416.912(b)(6), 416.913(c), 416.927(e)(2); SSR 96-6p (http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-06-di-01.html).  For instance, on October 18, 2012, Dr. Hilda Martin opined that Wilbanks did not establish that he had a severe respiratory impairment because his pulmonary functioning test results were invalid.  (R. 15, 58-59).  On October 19, 2012, Dr. Jerda Riley opined that Wilbanks did not establish that he has a severe visual impairment.  (R. 15, 59-60).  On October 24, 2012, Dr. Mila Bascalla opined that the evidence was insufficient to assess that Wilbanks had a medically determinable back impairment.  (R. 15, 60).  On November 3, 2012, Dr. L. Barnes opined that there was insufficient medical evidence to assess the severity of Wilkins's heart condition and diabetes.  (R. 15, 61).  On November 7, 2012, psychological consultant J.V. Rizzo, Ph.D., opined that the record does not show a "current, severe mental impairment or indicate the need for further development." (R. 15-16, 61).  On December 6, 2012, Dr. Samuel Chastain opined that Wilbanks could perform a range of medium work.  (R. 16, 62-64).  The ALJ found Wilbanks more limited than was opined by some the consultative examiners.  Specifically,

he found that Wilbanks could perform a range of light work and is not disabled. (R. 13-16). The foregoing opinions still support the ALJ's finding that Wilbanks was not disabled.

## VI.  CONCLUSION

For the reasons set forth above, the undersigned concludes that the Commissioner's decision is due to be affirmed. An appropriate order will be entered separately.

**DONE,** this the 29th day of November, 2016.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge